United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTOINE DAVIS BEY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-02765 |
| § | |
| LANCE SHANNON, ET AL., § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights case against Defendant Officers and the Harris County Precinct One Constable Office. Pending before the Court are Defendants' Motions to Dismiss (ECF 9; ECF 18) and Plaintiff's Motion for Summary Judgment (ECF 19). Having considered the parties' submissions and the law, the Court recommends that Defendants' Motions (ECF 9; ECF 18) be granted in part and denied in part and Plaintiff's Motion (ECF 19) be denied.[1]

I.    **Factual and Procedural Background.**

Plaintiff's case arises from two similar incidents, the first occurring on May 15, 2022 and the second on September 27, 2022.  ECF 1 at 1.  Plaintiff alleges that on each date he was traveling home from the Moorish Science Temple on the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 3.

Houston Toll Road when he was pulled over by Defendants Lance Shannon and K. Mathew, respectively. *Id.* at 2. Defendants advised Plaintiff he owed a balance to the Houston Toll Road Authority. *Id.* Plaintiff was cited for failing to present a driver's license on demand and for driving a prohibited vehicle on a toll road. *Id.*; *see* ECF 9-2 at 1, 6. Plaintiff further alleges that he was placed under arrest and not allowed to leave, and Defendants demanded that he make an appearance to the Harris County Justice of the Peace Courts. ECF 1 at 2.

On July 20, 2023, Plaintiff, proceeding pro se and in forma pauperis, filed a Complaint against Officer Shannon, Officer Matthews, and Harris County Constable Precinct One. ECF 1. Plaintiff appears to allege claims for false arrest and false imprisonment in violation of Texas state law and the Fourth, Fifth, and Fourteenth Amendments. *Id.* at 2-3. Plaintiff seeks compensatory damages, a permanent injunction restraining Defendants from engaging in similar conduct in the future, and dismissal with prejudice of the related state charges in the Justice of the Peace Court. *Id.* at 3.

Defendant Officers filed a Motion to Dismiss Plaintiff's Complaint on September 14, 2024. ECF 9. In the Motion, Defendant Officers assert that Plaintiff's constitutional and state-law tort claims are barred by qualified immunity and official immunity. *Id.* at 2. The Officers further assert that any claim to alter the Justice of the Peace order is barred by the Rooker-Feldman doctrine. *Id.* at 7.

Plaintiff filed a response. ECF 12. Defendant Precinct One filed a Motion to Dismiss asserting that it is a non-jural entity not capable of being sued. ECF 18.

## II. Legal Standards.

### A. Rule 12(b)(1).

Defendants partially move to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. Rule 12(b)(6).

Defendants also move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes the dismissal of a cause of action in a

complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citation omitted). However, "it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citation omitted). The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted).

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. "When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900

(5th Cir. 2019) (citation omitted).  "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000); *see Robles v. Ciarletta*, 797 F. App'x 821, 831-32 (5th Cir. 2019) (explaining that video and police report referred to in the complaint were properly considered at 12(b)(6) stage).  The exhibits Defendants attached to the Motions to Dismiss are properly before the Court for purposes of the current motion.

**III. Defendants' partial Motions to Dismiss Pursuant to Rule 12(b)(1) should be denied.**

Defendants argue that any claim by Plaintiff to alter a Justice of the Peace order is barred by the *Rooker-Feldman* doctrine and must be dismissed for lack of subject-matter jurisdiction.  ECF 9 at 6-7.  The *Rooker-Feldman* doctrine bars federal court review of a state court decision and precludes a losing state court litigant from seeking review, relief, or a remedy from a prior state court judgment in federal court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the confines of the *Rooker-Feldman* doctrine and stating that it applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Here, Plaintiff's Complaint alleges that the charges were pending in the Justice of the Peace Court at

the time the federal Complaint was filed. ECF 1 at 2. Therefore, the *Rooker-Feldman* doctrine is inapplicable and Defendants' Rule 12(b)(1) Motions in this regard should be denied.

    **IV.    All of Plaintiff's claims against Defendant Officers for violations of his Fourth, Fifth, and Fourteenth Amendment rights should be dismissed.**

        **A. Plaintiff's claims for violations of his Fourth Amendment rights should be dismissed as barred by qualified immunity.**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citation omitted). This requires a plaintiff to allege: "(1) the violation of a federal constitutional or statutory right; and (2) that the right was clearly established at the time." *Id.*

    Plaintiff alleges that Defendant Officers violated his constitutional right under the Fourth Amendment to be free from false arrest and false imprisonment. "The Fourth Amendment guarantees the right of the people to be secure in their persons against unreasonable searches and seizures and that no warrants shall issue, but upon probable cause." *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019)

(alterations omitted). To prevail on these claims, Plaintiff must show that Defendant Officers did not have probable cause to arrest him. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest … and false imprisonment … require a showing of no probable cause.").

Here, Plaintiff alleges he was traveling on the Houston Toll Road when Defendants detained and arrested him. ECF 1 at 2. Defendants advised Plaintiff he owed a balance to the Houston Toll Road Authority. *Id.* Plaintiff was charged with operating a motor vehicle on the toll road when prohibited and driving without a driver's license. *Id.*; *see* ECF 9-2 at 1, 6. Defendant Officers argue that there was probable cause to initiate both the May and September 2022 traffic stops. ECF 9 at 8. In response, Plaintiff argues Defendant Officers lacked probable cause because he never received, and had no knowledge of, a court order prohibiting the vehicle from traveling on the toll road, as required by the Texas Transportation Code. ECF 12 at 7; *see* TEX. TRANSP. CODE § 284.202(a) ("The commissioners court of a county by order may prohibit the operation of a motor vehicle on a [toll road] …."). Plaintiff also asserts that he was not the owner of the vehicle at the time of either traffic stop. ECF 12 at 5.

The Supreme Court has made clear that, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."

7

*Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (involving an arrest for failure to wear seatbelts as required by the Texas Transportation Code). Therefore, Defendant Officers are entitled to qualified immunity "if a reasonable officer in [their] position could have believed that, in light of the totality of the facts and circumstances of which [they were] aware, there was a fair probability that [Plaintiff] had committed or was committing an offense." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004).

      The citations issued to Plaintiff indicate the vehicle he was driving on the toll road alerted as a prohibited vehicle based on overdue fines of $1,700 in May 2022 and $2,461.75 in September 2022. ECF 9-2 at 1, 6. Therefore, a reasonable officer in Defendants positions could have believed that Plaintiff was committing the offense of driving a prohibited vehicle on the toll road. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."). Furthermore, driving without a driver's license is an arrestable offense in Texas. TEX. TRANSP. CODE § 521.025 (person operating a motor vehicle must possess the license and display the license on demand of a peace officer, and a violation of this section is a misdemeanor offense). Therefore, probable cause existed for Plaintiff's alleged detention and arrest. *See Villarreal v. State*, 631 S.W.3d 198 (Tex. App.— Houston [14th Dist.] 2020, no pet.) ("The officer developed probable cause to arrest

appellant almost immediately after the stop began because appellant did not possess a driver's license."); *United States v. Del Angel*, 2022 WL 1549479, at *3 (5th Cir. May 17, 2022) ("[Officer] then learned that [defendant] did not have a driver's license, which in and of itself provided independent probable cause to detain her for longer, and even to arrest her.").

For these reasons, Plaintiff's allegations are insufficient to support a false arrest or false imprisonment claim and therefore he has not sufficiently alleged a constitutional violation. The Court recommends that Plaintiff's Fourth Amendment claims be dismissed with prejudice as barred by qualified immunity.

### B. Plaintiff's claims for violations of his Fifth and Fourteenth Amendment rights should be dismissed for failure to state a claim.

Plaintiff appears to assert a Fifth Amendment due process claim. *See* ECF 1 at 2 (referencing the Fifth Amendment and alleging he was "not given due process of law"). However, the due process clause of the Fifth Amendment applies only to actions of the federal government. *See Arnold v. Williams*, 979 F.3d 262, 265 n.2 (5th Cir. 2020) ("The district court correctly observed that only the Fourteenth Amendment's Due Process Clause, and not the Fifth Amendment's, applies to state law enforcement officers[.]"); *id.* at 270 (holding that the plaintiff failed to state a claim under the Fifth Amendment due process clause because the defendant "was an officer of the state of Louisiana rather than of the federal government"). Therefore,

9

Plaintiff's Fifth Amendment due process claim fails because Defendant Officers are state actors, not federal actors.

Plaintiff's Fourteenth Amendment claim also fails. "[R]esort to a generalized remedy under the Due Process Clause is inappropriate where a more specific constitutional provision provides the rights at issue." *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). "In those situations, the specific provision, 'not the more generalized notion of 'substantive due process,' better guides analysis of a plaintiff's claims." *Id.* (quoting *Albright*, 510 U.S. at 273). Because Plaintiff's false arrest and false imprisonment claims are protected by the unreasonable-searches-and-seizures clause of the Fourth Amendment, Plaintiff has failed to state a claim under the Fourteenth Amendment's Due Process Clause. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010) (dismissing plaintiff's Fourteenth Amendment claims because alleged pretrial deprivations of constitutional rights should be addressed under the Fourth Amendment).

For these reasons, Plaintiff's Fifth and Fourteenth Amendment claims should be dismissed with prejudice because amendment would be futile.

## V. Plaintiff's state law tort claims against Defendant Officers should be dismissed as barred by official immunity.

Under Texas law, "[o]fficial immunity is an affirmative defense that protects government employees from personal liability for certain actions taken in the course

of their employment." *Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013) (citing *Telthorster v. Tennell*, 92 S.W.3d 457, 460-61 (Tex. 2002)). A government employee is entitled to official immunity for "(1) the performance of discretionary duties (2) that are within the scope of the employee's authority, (3) provided that the employee acts in good faith." *Telthorster*, 92 S.W.3d at 460-61. The official immunity defense is "substantially the same" as that of federal qualified immunity. *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 424 (5th Cir. 2013). As government employees, Defendant Officers are entitled to official immunity for Plaintiff's state-law false arrest and false imprisonment claims for the same reasons they are entitled to qualified immunity. *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 424 (5th Cir. 2013) (affirming official immunity defense for the same reasons explained as to qualified immunity defense). Therefore, Plaintiff's state law tort claims against Defendant Officers should be dismissed with prejudice because amendment would be futile.

**VI. Plaintiff's claims against Harris County Constable Precinct One should be dismissed because Precinct One lacks legal capacity to sue or be sued.**

Under Texas law, Precinct One, "a non sui juris division of Harris County," is not a legal entity capable of being sued." *Thomas v. Harris Cnty. Sheriff's Dep't*, No. CV H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. Mar. 14, 2019) (collecting cases); *Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D.

Tex. Nov. 29, 2013) (dismissing claims against Harris County Constable's Office, Precinct 7 because "[i]n Texas, county sheriffs and police departments generally are not legal entities capable of being sued"). Indeed, the Fifth Circuit has affirmed dismissal of claims against a Constable's Precinct because the plaintiff could not show the Constable's Precinct had the capacity to sue and be sued under Texas law. *Lancaster v. Harris Cnty.*, No. 19-20445, 2020 WL 3958213, at *4 (5th Cir. July 2020) ("Lancaster has directed us to no Texas law permitting Harris County entities (including … precincts of the Constable's Office) to sue or be sued separately from Harris County. These offices therefore have no place in this lawsuit."). Because Plaintiff cannot state a claim for relief against Precinct One, such claims should be dismissed with prejudice because amendment would be futile.

**VII. Plaintiff's Motion for Summary Judgment should be denied.**

Where the summary judgment movant bears the burden of proof, as Plaintiff does here, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Given the Court's conclusion that Plaintiff cannot state a plausible claim for relief against Defendants, it follows that he has not established all of the essential elements of his claims and is not entitled to summary judgment. Therefore, Plaintiff's Motion for Summary Judgment should be denied.

## VIII. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motions to Dismiss (ECF 9; ECF 18) be GRANTED in part and DENIED in part. The Motions should be GRANTED pursuant to Rule 12(b)(6) and DENIED pursuant to Rule 12(b)(1). The Court further recommends that Plaintiff's Motion for Summary Judgment (ECF 19) be DENIED and that Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 17, 2024, at Houston, Texas.

                                                                                     _____
                                                                                                Christina A. Bryan
                                                                                     United States Magistrate Judge