United States District Court
Southern District of Texas
**ENTERED**
July 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINE DAVIS BEY, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-02765 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| LANCE SHANNON, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Antoine Davis Bey, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants Officer Shannon, Officer Matthews, and Harris County Constable Precinct One, asserting claims for false arrest and false imprisonment in violation of Texas state law and the Fourth, Fifth, and Fourteenth Amendments. Dkt 1.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 3. Defendant Officers and Defendant Precinct One moved to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). Dkts 9 & 18. Plaintiff filed a competing motion for summary judgment. Dkt 19.

Pending is a Memorandum and Recommendation by the Magistrate Judge dated June 17, 2024. Dkt 21. She recommends granting in part and denying in part the motions to dismiss by Defendants and denying the motion for summary judgment by Plaintiff. Specifically, Judge Bryan recommends denying the motions to dismiss pursuant to Rule 12(b)(1) because the *Rooker-Feldman* doctrine is inapplicable to Plaintiff's claims. But she further recommends granting the motions to dismiss pursuant to Rule 12(b)(6) and dismissing Plaintiff's claims

because (i) the Fourth Amendment claims are barred by qualified immunity, (ii) the due process clause of the Fifth Amendment applies only to federal actors, not state actors, (iii) the rights asserted in the Fourteenth Amendment claims are protected by the Fourth Amendment, (iv) the state law tort claims are barred by official immunity, and (v) Precinct One is not a legal entity capable of being sued. Dkt 21.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 21.

The motions by Defendant Officers and Defendant Precinct One are GRANTED IN PART and DENIED IN PART. Dkts 9 & 18. The motions are GRANTED pursuant to Rule 12(b)(6) and DENIED pursuant to Rule 12(b)(1).

The motion for summary judgment by Plaintiff is DENIED. Dkt 19.

The claims against Defendants are DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

So ordered.

Signed on July 25, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge